ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 29 2020 ★
BROOKLYN OFFICE

CRAIG WARREN

    Petitioner/Defendant      CASE NO. CR 94-802 (s-4) (SJ)

VS.

UNITED STATES OF AMERICA

    Respondent    /

RECEIVED
OCT 29 2020
PRO SE OFFICE

## JUDICIARY NOTICE

COMES NOW, Craig Warren, Petitioner/Defendant, Pro, se, with this Judiciary Notice in support of the following:

i.) Petitioner/Defendant Warren, files the instant motion for consideration of a reduction in sentence (RIS) pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) and § 4205 (g) extraordinary and compelling circumstances.

2.) Petitioner respectfully assert that this Court's misapplication of the United States Sentencing Guidelines (U.S.S.G.) and pertinent factors of 18 U.S.C. § 3553 (a), Constitutes extraordinary and compelling circumstances.

(1)

(A.) Inmate Craig Warren 50239-053 has requested
Consideration for a reduction in sentence in the
Federal Bureau Of Prison (F.B.O.P.) Program
Statement 5050.50 Document enclosed.

(B.) Warren's extraordinary and Compelling
Circumstances:

With respect to this Honorable U.S. District
Court, petitioner/defendant humbly request that
this Court Consider the following factors:

1.) Age: Petitioner is 53

2.) Length of time in prison Compared to the
sentence imposed: Petitioner have done over 25
years, which is considered a life sentence in the
State of New York.

3.) Petitioner Conduct in prison: Document enclosed.

4.) Health: Petitioner is Concerned of Catching
Covid 19 and fear for his health and life.

5.) Danger to the Community: Petitioner has not
in 26 years participated, endorsed or encourage
any type of Criminal activity in prison or any
Community.

6.) Release plans to house arrest: Petitioner have a
job waiting for him in the hospital working as a
Custodial maintenance worker.

7.) Prior record: NONE

8.) Protection of the public: Petitioner assert that

(2)

26 years of incarceration is a deterrence to him, not be a threat to the public or any person.

Petitioner respectfully request that this Honorable Court also consider Congress intent in their enacted legislation of sentencing reform under the First Step Act of 2018, P.L. 115-391 § 503 (Dec. 21, 2018), and the First Step Act of 2018, S. 3747, 115th Cong.; Petitioner rely on this Honorable Court to consider all the factors set forth in 18 U.S.C. § 3553 (a) especially § 3553 (a)(2)(A), and § 3553 (a)(6) as extraordinary and compelling reasons for a reduction in petitioner's sentence.

Furthermore, petitioner Warren respectfully assert that this Court could cause an injustice by not considering that Congress now deem certain sentencing greater than necessary, (§ 924(c) 18 U.S.C. § 1959, § 1962). The misapplication of the United States Sentencing Guidelines; specifically 18 U.S.C. § 3553 (a) (3) and (4)(A)(i); U.S.S.G. Chapter five Part A Sentencing table offense level application note 2 Chapter Three § 3D1.1 - 4 § 5G1.2 (c) and 2A1.1 Application Note 1, Constitute Extraordinary and Compelling Circumstances, because petitioner/defendant is being deprived of his United States Constitutional Fifth Amendment Due Process Clause, which holds the Constitutional provision that prohibits the

government from unfairly or arbitrarily depriving a person of life and liberty.

With respect petitioner assert had this U.S. District Court at sentencing applied the mandatory U.S.S.G. correctly and Constitutionally pursuant to 28 U.S.C. § 994 (a) on November 22, 1995, petitioner Warren would have received a sentence consistent with Congress 2018 Sentencing Reform.

Petitioner Warren also respectfully contends that this U.S. District Court consideration in the instant motions would correct a _Plain Error_ (The U.S. District Court's failure in applying the mandatory U.S.S.G. correctly in the imposition of petitioner's sentence).

# CONCLUSION

Petitioner respectfully contends that the manifested Constitutional error's in the imposition of his sentence Warrant's a grant of reduction in his unconstitutional sentence, under 18 U.S.C. § 3582 (c)(1)(A)(i);

Petitioner respectfully assert that the U.S. District Court consideration should be consistent with Congress enacted Sentencing Reform of 2018 First Step Act, Fair Sentencing Act and 18 U.S.C. § 3553(a) factors to be Considered in imposing a sentence – The Court shall impose a sentence sufficient, but not greater than necessary 3553 (a)(4) – The kind of sentence and the Sentencing range established for. —

Petitioner maintain that the above factors Should be reviewed by this Honorable Court as Extraordinary and Compelling Circumstances for a reduction in his sentence.


Dated: October 19, 2020


Respectfully Submitted
Craig Warren
Craig Warren # 50239-053


(5)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK


CRAIG WARREN
    Petitioner/Defendant            Criminal Case No.
                               Cr. 94-802(s4)(SJ)

V S.


UNITED STATES OF AMERICA
    Respondent

_____

MOTION SEEKING REDUCTION IN SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)
EXTRAORDINARY AND COMPELLING CIRCUMSTANCES


    COMES NOW, Craig Warren, Petitioner/Defendant Pro Se, and files the instant motion seeking reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary and Compelling Circumstances.

    Petitioner respectfully assert that the replied upon factors stated in his Judiciary Notice and this motion, meets and should satisfy the criterias of extraordinary and compelling circumstances required for this Honorable U.S. District Court to consider a reduction

in Warren Sentence: that is Consistent With 18 U.S.C.
§ 3553 (a) and Congressional intent enacted in their
Sentencing Reform of the First Step Act of 2018 P.L.
115-391 § 503 (Dec. 21, 2018), and First Step Act of
2018, S. 3747 Cong.; Petitioner also rely on the
deprivation of his substantial Constitutional right,
his Due Process Clause, and the right of life and liberty.

   Enclosed is a copy of inmate Warren request
for a reduction in sentence (RIS) to the (F.B.O.P.),
under B.O.P. Program Statement 5050.50.
(A.) Extraordinary and Compelling Circumstances that
Warrants a reduction in Warren sentence under 18
U.S.C. § 3582 (C)(1)(A)(i):

   28 U.S.C. § 994 (a)(1) and section (b)(1) of 1994
of Title 28, states the Commission in the Guidelines
promulgated pursuant to subsection (a)(1), shall for
each Category of offense involving each Category of
defendant, establish a sentencing range that is
Consistent With all pertinent provisions of Title
18 U.S.C. § 3553(a)(2). Furthermore 28 U.S.C. § 994
(a)(2) states general policy statements regarding
application of the guideline or any other aspect
of sentencing or sentence implementation that in
the view of the Commission would further the
purposes set forth in section 3553(a)(2) of Title 18
United States Code, including the appropriate use of —;

(2)

Factual record of this U.S. District Court misapplication of the United States Sentencing Guidelines:

Starting on page 11 of defendant Warren's sentencing on November 22, 1995 (See Transcript of proceedings before the Honorable Sterling Johnson Jr. U.S.D.J.) This Honorable U.S. District Court, sentence defendant Warren to consecutive sentences for Count 1, 4, and 5 in violation of the United States Sentencing Guideline (U.S.S.G.), See Chapter Three § 3B1.1 Aggravating Role. (see page 10 of the above transcripts). Chapter Two - Offense Conduct of the U.S.S.G., Part A - Offense Against the person (1) Homicide § 2A1.1 First Degree Murder (a) Base offense level 43: Is clear misapplication as to defendant Warren for the following reasons: (1.) introductory commentary offense Conduct of chapter Two U.S.S.G., States in part that Chapter Three Part B (Role in the offense) should be considered. (2) § 2A1.1 Statutory Provisions: 18 U.S.C. § 1959(a)(1) § 1959(a)(3) and § 1959(a)(4), are not included in the statutory provisions for First Degree Murder. Furthermore application Note 1 Chapter Two Part A, of the U.S.S.G., states in part, If the defendant did not cause the death _intentionally_ or _knowingly_, a downward departure may be warranted.

Petitioner Warren respecteully assert that U.S.S.G.

(3)

Chapter Three § 3B1.1 Aggravating Role, should have been applied in his sentencing on November 22, 1995. Petitioner also contends that the Court failed to Consider 18 U.S.C. § 3553(a)(6) the need to avoid unwarranted sentence disparities.

To further support his claim of Extraordinary and Compelling Circumstances, petitioner/defendant rely on Congress intent in their Sentencing Reform of First Step Act of 2018, P.L. 132 Stat. at 5221-22 §403(a) Clarification of Section 924(c) of Title 18 United States Code:

Numerous Courts have concluded that the Commission's failure to amend Guideline § 1B1.13 and related Commentary following the First Step Act does not preclude a court from acting on motions for sentence reduction or using the catch-all-provision in Application Note 1(D). See United States v. Brown No. 4:05-cr-00227-1, 2019 WL 4942051 (S.D. Iowa, Oct. 8, 2019 citing United States v. Beck, No. 1-13-cr-186-6, WL 2716508, at 5 (M.D. N.C. June 28, 2019); United States v. Cantu, No. 1:05-cr-458-1, 2019 WL 2019 2498923 at 5 (S.D. Tex, June 17, 2019); United States v. Fox, No. WL 2:14-cr-03 DBH WL, 3046086, at 83 (D. Me. July 11, 2014); See also United States v. Urkevich, 803 CR 37 (D. Neb. Nov. 14, 2019)(Reducing the defendant's term of

(4)

incarceration under 18 U.S.C. § 3582(c)(1)(A)(i).
The Court after consideration of all the factors
set forth in 18 U.S.C. § 3553(a) especially 3553(a)
(2)(A) found "extraordinary and compelling reasons"
for a reduction in the defendants sentence. The
Court reduced the defendant's 300-month sentence
on the second firearm count to 60 month, noting
that the second firearm count today would carry
only a 60 month sentence).

   According to the First Step Act I have a
Extraordinary and Compelling Circumstance under
(FSA). The First Step Act clarifies that Section
924(c) Count can only be stacked if the second
offense occurs after the final conviction on
the first offense Section 403(a) 132 Statute at
5221-22. In Count six and nine of my
indictment it added 15 years apiece to both
counts six and nine, which totalled 40 years for
both counts. If I were sentenced today, a Court
would add only 5 years to Count six and nine for
the 924(c) gun convictions.

   Petitioner maintain that Congress intent is
consistent with 18 U.S.C. § 3553(a) the Court shall
impose a sentence sufficient, but not greater
than necessary;

   With respect to this Honorable U.S. District Court,

petitioner rely on 28 U.S.C. § 994(3)(B)(1) and
§ 994(f); § 994(f) states, the Commission in
promulgating guidelines pursuant to section (a)(1),
shall promote the purpose set forth in Section
991(b)(1), with particular attention to the
requirement of subsection 991(b)(1)(B) for
providing certainty and fairness in sentencing
and reducing unwarranted disparities.

In further support of petitioner claims of
misapplication of the U.S.S.G., and unwarranted
sentencing disparities, petitioner respectfully
request that the U.S. District Court consider the
Court of Appeals for the Second Circuit holding
in the below cases;
U.S. V. Pegg, 762 Fed Appx. 34, 2019 U.S. APP. LEXIS
4565 (Feb. 15, 2019 2nd Cir.), where the Court of
Appeals has repeatedly applied plain error decisions,
based on the incorrect application of the U.S.S.G.;
See U.S. V. Parkins, (No. 18-1019)(2nd Cir. Aug. 19, 2019),
States that any relevant sentencing factors that
are inconsistent with the pertinent guidelines
Policy statements involve a greater deprivation
of liberty than is reasonably needed to achieve the
purpose of sentencing; and in U.S. V. Genao, 869 F.3d
at 147 (2nd Cir. 2017)(noting that the initial
benchmark for Criminal sentences). Genao, Supra

(quoting Gall v. U.S., 522 U.S. 38,49, 128 S.ct.
586 (2007).

The United States Supreme Court in Rosales-
Mireles v. U.S., 138 S.ct. 1897, 1907-8, stated
that an incorrect guideline range calculation
is ordinarily a plain error that affects a
defendant's substantial rights and seriously
affects the fairness, integrity or public
reputation of judicial proceedings. See also
United States v. Boyland, 862 F.3d 279, 288
(2nd Cir. 2017).

Petitioner Warren rely on 28 U.S.C. § 994(t),
for what this U.S. District Court should consider
as extraordinary and compelling reasons for an
sentence reduction. See 18 U.S.C. § 3582(c)(1)(A).

(7)

# CERTIFICATE OF SERVICE

For all of the foregoing reasons, petitioner Warren prays that this Honorable Court grant him a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) given that extraordinary and compelling circumstances warrant such relief.

dated: October 19, 2020

Respectfully Submitted

Craig Warren

Craig Warren # 50239-053
U.S.P. Coleman # 2
Federal Correctional Complex
P.o. Box 1034
Coleman, FL 33521

(8)

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA   :

                                   Docket No. 94-CR-0802

       -against-         United States Courthouse
                  :    Brooklyn, New York
CRAIG WARREN,

       Defendant.

                  :    November 22, 1995
                     3:30 o'clock p.m.

- - - - - - - - - - - - - X

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:    ZACHARY W. CARTER
                   United States Attorney
                   BY:  MARGARET GIORDANO
                   Assistant United States Attorney
                   225 Cadman Plaza East
                   Brooklyn, New York 11201

For the Defendant:    BERNARD UDELL, ESQ.

Court Reporter:     Holly Driscoll
                   225 Cadman Plaza East
                   Brooklyn, New York
                   718-330-7687

Proceedings recorded by mechanical stenography, transcript
produced by CAT.

HOLLY DRISCOLL, RPR      OFFICIAL COURT REPORTER

P. 23

2

1          THE CLERK:  United States of America versus Craig
2    Warren.
3          MS. GIORDANO:  Margaret Giordano for the government.
4          MR. UDELL:  Bernard Udell for the defendant.
5          THE COURT:  I am in receipt of your letter dated
6    November 21, 1995, Mr. Udell, let the record so reflect.  Have
7    you read and discussed the presentence report with your
8    client, Mr. Udell?
9          MR. UDELL:  I have.
10         THE COURT:  Are you ready for sentencing?
11         MR. UDELL:  Yes, Your Honor, although I do recall
12   that --
13         THE COURT:  You have an outstanding Rule 29 motion.
14         MR. UDELL:  That's correct.
15         THE COURT:  The motion is denied.  Do you wish to be
16   heard?
17         MR. UDELL:  Your Honor, as the letter I prepared sent
18   to this Court states, I am in this case asking that the Court
19   consider departing downward for the defendant Craig Warren
20   basically because the Court can, as the Court of Appeals in a
21   number of cases, Rivers and Brodson, as the guidelines state,
22   can depart downwards when the guidelines require a punishment
23   that overstates the defendant's position in a particular
24   crime.
25         This is a very unusual application to be making for

3

1   Craig Warren as Your Honor having heard this case may think

2   this is an individual who the government, the Agents Norman

3   and Burke designated as the head of an organization.  This is

4   the individual whose home was the place where various crimes

5   were prepared.  This is an individual whose mother took in and

6   cared for Collis Mickens and Derek Boalds and all the rest of

7   these people and who committed a lot of serious crimes and for

8   which Your Honor will no doubt sentence him in a very serious

9   and heavy manner.

10          But there is one charge in this indictment proven no

11  doubt that causes Your Honor to sentence this defendant in a

12  manner which is so blatantly overstating his position that

13  Your Honor should not do it and that is Count One in this

14  indictment which relates to the murder of one Sidney Velasquez

15  because if Your Honor sentenced him according to, as the

16  guidelines require, Level 47 because technically under the

17  Federal Rules of 1111, Title 18, this was a homicide which was

18  committed in the course of a burglary and a robbery and it was

19  committed and that being the case it constitutes murder one

20  and the defendant according to what the jury has found

21  participated or planned the burglary or the robbery and,

22  therefore, he is as liable as those persons who committed the

23  homicide but when Sidney Velasquez was killed, cold bloodedly

24  murdered Craig Warren wasn't in the apartment.  He may not

25  have been in the building.  He did not order Sidney Velasquez

GA13

4

1   to be killed. He did not suggest he be killed. He did not

2   tell these people to kill him. The killing did not even occur

3   in furtherance of the robbery in this case.

4          What occurred in this case was Collis Mickens decided

5   some time during the commission of this crime that Sidney

6   Velasquez was too belligerent, he was too troubling, he was

7   too bothersome. He didn't have the patience to deal with

8   Sidney Velasquez, he didn't.

9          Carlos Mickens and Derek Boalds did not kill Sidney

10  Velasquez for Craig Warren. They didn't kill him for the

11  Warren Organization. They didn't kill him for the robbery

12  that was being committed because they left soon after they

13  fired the shot. They killed him because they wanted to -- I'd

14  like to just quote, and Boalds and Mickens both testified at

15  length in this case and both Boalds and Mickens disagreed

16  about a lot of things, the whereabouts of Warren at the time

17  this occurred, what Warren said after he heard about it but

18  the one thing they were consistent about was what happened

19  inside the apartment and both Boalds and Mickens said the same

20  things.

21         Boalds says why Sidney Velasquez died, he says on

22  page 1007, so Collis said -- the guy kept fighting him so

23  Collis said I'm tired of this, I'm tired of this and he drew

24  his gun and he stuck it in his belly and he shot twice, he

25  fired twice. He didn't do that for Warren, Warren wasn't

GA14

5

1    there, Warren didn't tell him to do that.

2            He did it because he is a psychopath, because that's

3    what he does and that wasn't the first time he did it.  He did

4    it to a guy that we call Thomas James whose body was found on

5    the beach in Rockaway some three or four years before.  He

6    never met Craig Warren.

7            He did this because he had a gun and he was faced

8    with a helpless person.  The government has a right, the

9    government has a right to take these sociopaths and make them

10   bible thumpers with their 5k letters but it is not fair.  Your

11   Honor can and Judge Glasser can reward Mickens for his

12   testimony and reward Boalds for his testimony but you

13   shouldn't make him pay for what they did and that's where this

14   statute goes far away and causes him to get life without

15   parole because Collis Mickens felt like killing somebody

16   because he was insulted, he didn't have the patience to deal

17   with a helpless man.

18           Boalds says the same thing after Mickens puts two

19   bullets into Sidney Velasquez who we know and we now know was

20   a person who couldn't go to the police, he was a gun dealer or

21   a drug dealer, he was on parole, he was an illegal alien.  He

22   wasn't going to hurt these people.  They had him.  Now he's

23   got two bullets in him and he's down and what does Boalds do

24   again, same page, Boalds says to Mickens move out of the way,

25   move out of the way, I told him to move.  I then told him to

6

1   move out of the way and I drew my gun and I fired and from a

2   distance as far as I am from Mr. Augie here he fired 13 to 14

3   times into Sidney Velasquez.

4          He didn't do it for Craig Warren.  He didn't do it

5   for the Warren Organization or the 15 Gunther Place or because

6   Craig was there telling him what to do.  He didn't do it for

7   the robbery.  He did it because he liked it.  He did it

8   because he wanted to do it.

9          Your Honor did not hear about an incident involving

10  Derek Boalds before he ever knew Craig Warren.  Derek Boalds

11  has a very unfortunate personal situation, the mother of his

12  children is half blind, she is blind in one eye.  She lost a

13  game of Russian Roulette to Derek Boalds.  This is the

14  individual who pumped 14 shots into Sidney Velasquez and this

15  is the individual who has got to pay for it with his life

16  because of 5k.

17         What I am saying, Your Honor, is Craig Warren was

18  convicted of a number of crimes, a number of robberies and

19  convicted of this homicide, he is convicted of the rape and he

20  certainly is not here asking for sympathy.  He is not asking

21  for anything that he is not entitled to but this goes beyond

22  it, to punish him for them, to punish him for what they did

23  without his knowledge and Your Honor will recall even Mickens

24  said when he told that he saw Warren and Warren was outside,

25  said Mickens, and Warren didn't want to come in, Mickens says

7

1    he was hesitant to come in.  Then when they saw him on the
2    staircase then what happened, we had to shoot him and Warren
3    didn't even know any shots were even being fired.  This wasn't
4    what was supposed to happen.
5           Technically this Court can rely on Section 1.1111 and
6    say yes, it was a robbery; yes, it was still in progress; yes,
7    the jury found that Warren participated, so we're going to
8    hold Warren but it is not fair.  Maybe you have to do what you
9    have to do, you have to honor 5k and you have to give these
10   killers eight years or ten years for killing people because
11   the government put a clean shirt on them and has them testify
12   but you shouldn't make him pay for the rest of his life for
13   what they did, not have to do and for what he did not tell
14   them or authorize or knew they ever did and that's what's
15   going on here and I just ask Your Honor if you can, I know you
16   can, the Court of Appeals says you can, the guidelines say you
17   can and I know you can.  I hope you will give him some
18   consideration here.
19          I believe a downward departure even in an area of a
20   Level 33 or 34 in his level and then with 60 months added
21   because of the 924(c) will allow Your Honor to give him a
22   significant sentence and a sentence that may fit the type of
23   crime that he should pay for but not, he should not pay for
24   what they did.  The government is paying them enough.  He
25   doesn't have to pay for it with his life and he shouldn't.

8

1    That's it, Your Honor.

2              THE COURT:  Does the defendant wish to be heard?

3              THE DEFENDANT:  Yes.  I guess like I told my lawyer

4    downstairs that I kind of feel bad for the Sidney Velasquez

5    family and the Mabel Carrerra family, I kind of feel sorry for

6    them but I don't feel no remorse for like for myself.  I don't

7    feel no remorse for the simple fact that I got to pay for

8    something they did and I don't feel no remorse for them but I

9    do feel remorse for the family, I feel bad for any family that

10   gets killed in a murder anyway, any family but I have nothing

11   to do with it.

12             If I had anything to do with that from the beginning

13   I believe I would have been kind of weak minded like they was

14   and sat up there and cooperated with the government from the

15   beginning but I didn't know nothing about it.

16             THE COURT:  All right.  Does the government wish to

17   be heard?

18             MS. GIORDANO:  Yes, Your Honor.  The government is in

19   receipt of Mr. Udell's motion for downward departure.  We

20   received this several moments before the sentencing today.  In

21   any event, Mr. Udell spent a lot of time speaking about the

22   cooperators in this case and Mr. Warren has, you've just heard

23   has denied his conduct and spoke about how he feels sorry for

24   the families who were injured as a result of in his view the

25   conduct of the cooperators in this case and obviously not as a

9

1   result of any of his conduct in this case and I think that

2   shows Your Honor that Mr. Warren, there is nothing about

3   Mr. Warren that merits a downward departure in this case.

4          The government thinks that life is the only

5   appropriate sentence.  Mr. Velasquez was killed as a result of

6   a robbery that Mr. Warren directed would take place.  Mabel

7   Carrerra DeLeon was raped at the insistence of Craig Warren.

8   It was Craig Warren's idea to rape this woman who was five

9   months pregnant and he encouraged Derek Boalds to rape this

10  woman with him.

11         There is nothing about Craig Warren that merits a

12  downward departure in this case.  The guidelines contemplate

13  felony murder and the guidelines deem that life is appropriate

14  for felony murder.

15         In addition, Your Honor, if the Court is considering

16  a downward departure with respect to Craig Warren the

17  government would like to be heard at a Fatico hearing on the

18  27 other robberies that Craig Warren initiated.  In addition,

19  the government would like to be heard about another homicide

20  as well.

21         THE COURT:  Well, I presided at this trial and I'm

22  familiar with the facts of this case and I've heard Mr. Udell

23  plead for a downward departure and I am aware I do have

24  discretion in these particular matters and I state for the

25  record that I am not going to exercise any discretion for a

10

1   downward departure.

2          If anything, after having heard the case and if there

3   was a departure, there should be a departure upward.  However,

4   the only departure upward would be the death penalty and this

5   is not a death penalty case, so I reject your motion for a

6   downward departure.

7          I see you, Mr. Warren, as a vicious callous uncaring

8   human being.  You are one of the worst things that I have ever

9   seen and I've spent a great deal of my time in law

10  enforcement.

11         You are responsible for the terror that many people

12  in this community, in your community suffer because you and

13  people like you and your cohorts are going around killing

14  people and robbing people and raping people.

15         You talk about you feel sorry for the family of

16  Mr. Velasquez.  Well, all well and good.  You are responsible

17  for, even though you say you didn't do that, the shooters were

18  characterized as being psychopaths and sociopaths and I find

19  from the evidence and the testimony that I heard that you are

20  the leader of these sociopaths and these psychopaths and I

21  wonder what that makes you and they would not have been at

22  that scene doing what they did if it were not for you and just

23  as sure as they pulled the trigger, you also pulled the

24  trigger.  You were the leader of this band of rogues and you

25  caused great distress.

HOLLY DRISCOLL, RPR          OFFICIAL COURT REPORTER

P. 32

11

1        Now, the family of Mr. Velasquez and Ms. Carrerra are

2   going to have to live with what you did, the impact that you

3   had on their lives for the rest of their lives notwithstanding

4   how you feel, if you feel anything, because I think your acts

5   were senseless and just something that should be not even

6   recorded in human history.

7        I recall Ms. Carrerra when she testified and this

8   room was so quiet you could just hear the hum of the air

9   conditioning machines, how she told she was five months

10  pregnant and you and one of your cohorts decided to violate

11  her and how she cried because it hurt and I think that that's

12  disgusting, that Ms. Carrerra is someone's daughter, she is

13  someone's mother, she is someone's sister and you violated

14  her.  You violated someone's mother, someone's daughter,

15  someone's sister.  You're going to pay for that and I'm going

16  to see that you pay for that.

17       I am sentencing you -- you got convicted on ten

18  counts of a twelve count indictment.  Count One of the

19  indictment charges you with murder in the aid of racketeering

20  and on that count I sentence you to the custody of the

21  attorney general or his duly authorized representative for the

22  rest of your natural life.

23       You were convicted on Count Two and Count Six and

24  Count Nine of possessing a firearm for the use in violent

25  crimes.

GA21

12

1          On Count Two I sentence you to five years to run

2  consecutive to your life term, if that's possible.

3          On Count Six I sentence you to twenty years to run

4  consecutive to Count Two and to Count One for a total of 25

5  years.

6          I sentence you on Count Nine to run consecutive to

7  Counts One, Two and Six for a total of 45 years to run

8  consecutive to your life sentence.

9          On Count Four, the rape charge, the violation of

10  Ms. Carrerra, the maximum amount of time that you can serve

11  there is twenty years and I sentence you to the twenty years

12  to run consecutive to Counts One, Two, Six and Nine.

13          Count Five you were convicted of threatening to

14  murder I think it was Ms. Carrerra, that's a five year

15  maximum.  I sentence you to five years on Count Five to run

16  consecutive with One Two, Six, Nine and Four.

17          Seven, you were convicted of conspiracy to rob the

18  Bodling Company.  There is a twenty year maximum.  I sentence

19  you to twenty years to run consecutive to Counts One, Two,

20  Six, Nine, Four and Five.

21          Eight is attempted robbery of the Bodling Company, it

22  is a twenty year maximum.  I sentence you to twenty years to

23  run consecutive to with One, Two, Six, Nine, Four, Five, Seve

24  and Eight.

25          Count Ten is a conspiracy to rob C-Town, it is a

13

1   twenty year maximum.   I sentence you to twenty years to run

2   consecutive with One, Two, Six, Nine, Four, Five, Seven,

3   Eight.

4          Count Eleven is the robbery of the C-Town Store with

5   a twenty year maximum and I sentence you to twenty years to

6   run consecutive with Ten, Eight, Seven, Five, Four, Two, Six,

7   Nine and One.

8          I sentence you to a $50 special assessment on each

9   count that you're convicted which is ten counts for a total of

10  $500 and I sentence you after you have finished all of your

11  time to five years supervised release.

12         You have a right to appeal this sentence.   You have a

13  right to appeal this conviction.

14         Anything else, Augie?

15         THE CLERK:  You didn't do Four, Judge.

16         THE COURT:  I did Four.

17         THE CLERK:  I think you stopped at Four.

18         MS. GIORDANO:  I have Four.

19         THE COURT:  Four is the rape, twenty years to run

20  consecutive with One, Two, Six, Nine.

21         Anything else?  You have a right to appeal as I said

22  before.

23         MS. GIORDANO:  Nothing further, Your Honor.

24         THE COURT:  Okay.

25         (End of proceedings.)

HOLLY DRISCOLL, RPR          OFFICIAL COURT REPORTER

P. 26



## Individualized Reentry Plan - Program Review (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: WARREN, CRAIG 50239-053

SEQUENCE: 00587251
Team Date: 05-07-2020

| | | | |
|---|---|---|---|
| Facility: | CLP COLEMAN II USP | Proj. Rel. Date: | UNKNOWN |
| Name: | WARREN, CRAIG | Proj. Rel. Mthd: | LIFE |
| Register No.: | 50239-053 | DNA Status: | CAA02447 / 05-25-2011 |
| Age: | 52 | | |
| Date of Birth: | 06-11-1967 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CLP | PM COOK | PM COOK | 12-09-2018 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CLP | ESL HAS | ENGLISH PROFICIENT | 01-30-1996 |
| CLP | GED EARNED | GED EARNED IN BOP | 10-17-2013 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| CLP | C | MICROSOFT OFFICE 2010 | 01-21-2020 | 02-24-2020 |
| CLP | C | VT CUSTODIAL MAINTENANCE AM | 05-02-2018 | 07-18-2018 |
| YAP | C | DISEASE 1 | 10-20-2016 | 10-20-2016 |
| CLP | C | MAVIS BEACON TYPING | 10-28-2015 | 04-05-2016 |
| CLP | C | ACE THINK AND GROW RICH CLASS | 05-12-2015 | 12-09-2015 |
| CLP | C | SPORTS RULES | 05-03-2014 | 07-23-2014 |
| LEW | C | GED CLASS MON - FRI MORNINGS | 07-02-2013 | 10-17-2013 |
| LEW | W | GED CLASS MON - FRI AFTERNOONS | 03-23-2012 | 07-02-2013 |
| CAA | W | PRE GED 105 9:30-11:30 AM | 11-05-2010 | 03-21-2012 |
| CAA | C | DEVELOP SKILLS FOR A BUSINESS. | 07-16-2011 | 09-14-2011 |
| CAA | C | BASIC INTRO TO ACCOUNTING. | 07-06-2011 | 09-03-2011 |
| CAA | C | INTRO TO WORLD OF BUSINESS. | 04-04-2011 | 06-14-2011 |
| CAA | C | CDL PREPARATION CLASS. | 04-04-2011 | 06-09-2011 |
| CAA | C | ACCOUNTING FOR A SMALL BUSINES | 05-09-2011 | 06-07-2011 |
| CAA | C | RPP6 COMMUNICATION 101 | 05-03-2011 | 05-03-2011 |
| CAA | C | CONVERSATIONAL SPANISH CLASS | 07-29-2009 | 09-30-2009 |
| CAA | C | INTRO TO HOME IMPROVEMENT. | 07-29-2009 | 09-30-2009 |
| CAA | C | INTRODUCTORY PLUMBING CLASS. | 04-02-2009 | 06-29-2009 |
| CAA | C | MATH COLLEGE PREP CLASS | 04-02-2009 | 06-26-2009 |
| CAA | C | FUNDAMENTALS OF REAL ESTATE. | 05-19-2009 | 06-26-2009 |
| CAA | C | CONVERSATIONAL SPANISH CLASS | 04-02-2009 | 06-26-2009 |
| CAA | C | INTRO TO WORKING WITH CONCRETE | 05-22-2009 | 06-25-2009 |
| CAA | W | PRE GED 105 9:30-11:30 AM | 11-14-2008 | 11-25-2008 |
| LEW | W | GED CLASS M-F 12:15-2:00 | 04-07-2008 | 11-04-2008 |
| LEW | W | ADVANCED GED | 07-13-2007 | 04-07-2008 |
| LEW | W | PRE-GED CLASS M-F 730-9AM. | 04-20-2006 | 07-13-2007 |
| LEW | C | RPP-AIDS AWARENESS | 08-01-2006 | 09-05-2006 |
| LEE | C | RPP6 PSYCH SELF STUDY | 01-03-2006 | 01-10-2006 |
| LEE | C | RPP6 PSYCH SELF STUDY | 11-29-2005 | 12-27-2005 |
| LEE | C | FUNDAMENTAL PARA LEGAL STUDIES | 06-08-2003 | 08-10-2003 |
| LVN | W | GED 1300-1500 J CRUM | 08-20-2001 | 04-01-2002 |
| LVN | W | 2:00-3:00 GED CLASS-CRUM | 10-20-1997 | 03-16-1998 |
| LVN | W | GED UNICOR 9:30-10:30 CRUM | 02-22-1996 | 10-20-1997 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| *** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |



## Individualized Reentry Plan - Program Review  (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: WARREN, CRAIG  50239-053

SEQUENCE: 00587251

Team Date: 05-07-2020

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 01-08-2005 |
| CARE1-MH | CARE1-MENTAL HEALTH | 10-08-2010 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| NO PAPER | NO PAPER MEDICAL RECORD | 08-02-2016 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-04-2016 |
| YES F/S | CLEARED FOR FOOD SERVICE | 04-25-2017 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DRG I NONE | NO DRUG INTERVIEW REQUIRED | 02-16-1996 |

### FRP Details

Most Recent Payment Plan

| FRP Assignment: | **COMPLT** | **FINANC RESP-COMPLETED** | Start: 08-08-1997 |
|---|---|---|---|
| Inmate Decision: | **AGREED** | **50%** | Frequency: **MONTHLY** |
| Payments past 6 months: | **$0.00** | Obligation Balance: **$0.00** | |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $500.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

**Payment Details**

Trust Fund Deposits - Past 6 months:   $ N/A          Payments commensurate ?   N/A

New Payment Plan:          ** No data **

### Progress since last review

Inmate Warren is assigned PM Cook and completed his FRP obligation. He is not enrolled in any programs at this time, but completed Microsoft Office Class in 02/2020. He has had $2,223.15 in the last 6 months and has a balance of $431.56.

### Next Program Review Goals

Save at least $50 monthly. Enroll in educational courses of choice.

### Long Term Goals

Complete Celebrate Recovery and Threshold program by 12/2021. Save at least $600 yearly.

### RRC/HC Placement

### Comments

** No notes entered **

Case 1:94-cr-00802-SJ   Document 303   Filed 10/29/20   Page 29 of 35 PageID #: 289

```
 CLPCR  606.00  *     MALE CUSTODY CLASSIFICATION FORM      *    12-12-2019
PAGE 001 OF 001                                                  13:22:00
                         (A) IDENTIFYING DATA
REG NO..: |50239-053|          FORM DATE: 04-29-2019        ORG: CLP
NAME....: WARREN, CRAIG
                                   MGTV: NONE
PUB SFTY: GRT SVRTY,SEX OFFN,SENT LGTH    MVED:
                          (B) BASE SCORING
DETAINER: (0) NONE            SEVERITY.......: (7) GREATEST
MOS REL.: 540                 CRIM HIST SCORE: (02) 3 POINTS
ESCAPES.: (0) NONE            VIOLENCE.......: (5) < 5 YRS MINOR
VOL SURR: (0) N/A             AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                          (C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%      PROG PARTICIPAT: (1) AVERAGE
LIVING SKILLS...: (1) AVERAGE    TYPE DISCIP RPT: (5) NONE
FREQ DISCIP RPT.: (3) NONE       FAMILY/COMMUN..: (4) GOOD


                --- LEVEL AND CUSTODY SUMMARY ---

 BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY CONSIDER
 +16  +17     0        +16        HIGH       N/A             IN     SAME



G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



**U. S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

United States Penitentiary 2
846 N.E. 54th Terrace
Coleman, Florida 33521

March 9, 2020

RESPONSE TO INMATE REQUEST TO STAFF MEMBER

SUBJECT: Compassionate Release/Reduction In Sentence (RIS)

    RE: Warren, Craig
        Register No: 50239-053

This is in response to your Inmate Request to Staff Member, in
which you request consideration for a Compassionate
Release/Reduction in Sentence under Extraordinary and
Compelling Circumstances.

A thorough review of your request was completed utilizing
Program Statement 5050.50, Compassionate Release/Reduction in
Sentence, Procedures for Implementation of 18 U.S.C. §§ 3582(c)
(1)(A) and 4205(g), requests for a Compassionate
Release/Reduction.  Based on the information you have
submitted: You have not demonstrated extraordinary or
compelling circumstances which would warrant a reduction in
sentence under BOP guidelines. To the extent you believe your
sentence should be reduced pursuant to the sentence reform
provisions of the First Step Act of 2018, you may raise those
concerns directly with your sentencing court.  The Federal
Bureau of Prisons has no authority to reduce a sentence
pursuant to those provisions or based on sentence length.

After careful review of this information, consideration for
Compassionate Release/RIS is denied. In compliance with Bureau
of Prisons' Program Statement 5050.50, titled Compassionate
Release/Reduction in Sentence, you may appeal this denial
through the Administrative Remedy Program if you are
unsatisfied with this response.

I trust this information adequately addresses your concerns.

_____                    3/17/2020
C. Swain, Warden                             Date

# Clarification on Reduction in Sentence (RIS) Requests

## (Extraordinary and Compelling Circumstances under FSA )

Inmates are encouraged to review Program Statement 5050.50 to ensure requests are appropriate.  Requests for a Reduction in Sentence will be denied at the institutional level should the request fail to demonstrate extraordinary or compelling circumstances which would warrant a reduction in sentence under **BOP guidelines**.

To the extent an inmate believes their sentence should be reduced pursuant to the sentence reform provisions of the First Step Act of 2018, they may raise those concerns directly with their sentencing court.

The Federal Bureau of Prisons has **no authority** to reduce a sentence pursuant to those provisions or based on sentence length.

WARREN, CRAIG  50239053

## TRULINCS 50239053 - WARREN, CRAIG - Unit: CLP-L-A

---------------------------------------------------------------------------------------------------------------

FROM: 50239053
TO: Warden PEN 2
SUBJECT: ***Request to Staff*** WARREN, CRAIG, Reg# 50239053, CLP-L-A
DATE: 02/28/2020 07:05:48 PM

To: Warden
Inmate Work Assignment: Food Service

Dear, Warden
    According to the First Step Act I have a Extraordinary and Compelling Circumstance under FSA. The First Step Act clarifies
that section 924(c) counts can only be stacked if the second offense occurs after the final conviction on the first offense section
403(a) 132 Statute at 5221-22. In counts six and nine of my indictment it added  15 years apiece to both counts six and
nine,which totalled 40 years for both counts. If I were sentenced today, a court would add only 5 years to count six and nine,
instead of 15 years for both counts six and nine for the 924(c) gun convictions.
    Therefore, I respectfully request for a reduction of sentence under FSA under Extraordinary and Compelling Circumstances.
Thank You
    Craig Warren!

TRULINCS 50239053 - WARREN, CRAIG - Unit: CLP-L-A

-----------------------------------------------------------------------------------------------

FROM: Warden PEN 2
TO: 50239053
SUBJECT: RE:***Inmate to Staff Message***
DATE: 03/03/2020 08:52:02 AM

Mr. Warren
Your request has been sent to the appropriate department for review. You should receive a response soon.

Thank you.

>>> ~^!"WARREN, ~^!CRAIG" <50239053@inmatemessage.com> 2/28/2020 8:05 PM >>>
To: Warden
Inmate Work Assignment: Food Service

Dear, Warden
        According to the First Step Act I have a Extraordinary and Compelling Circumstance under FSA. The First Step Act clarifies that section 924(c) counts can only be stacked if the second offense occurs after the final conviction on the first offense section 403(a) 132 Statute at 5221-22. In counts six and nine of my indictment it added 15 years apiece to both counts six and nine,which totalled 40 years for both counts. If I were sentenced today, a court would add only 5 years to count six and nine, instead of 15 years for both counts six and nine for the 924(c) gun convictions.
    Therefore, I respectfully request for a reduction of sentence under FSA under Extraordinary and Compelling Circumstances.
Thank You
    Craig Warren!

**From:**      ^!"WARREN,  ^!CRAIG" <50239053@inmatemessage.com>
**To:**
**Date:**      2/28/2020 7:21 PM
**Subject:**      ***Request to Staff*** WARREN, CRAIG, Reg# 50239053, CLP-L-A

To: Warden
Inmate Work Assignment: Food Service

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
b8954c95-d753-4985-9364-9f23379e304e
Your response must come from the departmental mail box.  Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***


Dear, Warden
      According to the First Step Act I have a Extraordinary and Compelling Circumstance under FSA. The First Step Act clarifies that section 924(c) counts can only be stacked if the second offense occurs after the final conviction on the first offense section 403(a) 132 Statute at 5221-22. In counts six and nine of my indictment it added  15 years apiece to both counts six and nine, which totalled 40 years for both counts. If I were sentenced today, a court would add only 5 years to count six and nine, instead of 15 years for both counts six and nine for the 924(c) gun convictions.
   Therefore, I respectfully request for a reduction of sentence under FSA under Extraordinary and Compelling Circumstances.
 Thank You
   Craig Warren!

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® items. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.










U.S. POSTAGE PAID
PM 3-Day
COLEMAN, FL
3362?
OCT 22 '20
AMOUNT
**$0.00**
R2304Y122863-09

11201

1006

**FROM:** Craig Warren Unit J-4 203
U.S.P. Coleman #2
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521
ID# 50239-053

**TO:** Clerk of Court
U.S. District Court
For The Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal Mail

**PRIORITY MAIL**

* DATE OF DELIVERY SPECIFIED*
* USPS TRACKING™ INCLUDED*
* INSURANCE INCLUDED*
* PICKUP AVAILABLE
* Domestic only

PRESS FIRMLY TO SEAL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®

USPS TRACKING #

Label 400 Jan. 2013
7690-16-000-7948

9114 9999 4431 4368 6928 43

EP14F July 2013
OD: 12.5 x 9.5

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

PS00001000014

This envelope is made from post-consumer waste. Please recycle - again.